## CITY OF ST. PAUL v. ST. PAUL CITY RAILWAY COMPANY AND OTHERS.[1]

April 20, 1923.

No. 23,273.

**Moot question.**

Appeal dismissed because question involved was moot. [Reporter.]

Action in the district court for Ramsey county by the city of St. Paul and its commissioner of public utilities to restrain defendant street railway company and the members of the Railroad and Warehouse Commission from transporting or authorizing the transportation of passengers from any point in the city of St. Paul to the State Fair Grounds for any less than six cents per passenger. From an order, Catlin, J., granting plaintiff's motion for a temporary injunction and denying defendants' motion to discharge the restraining order, the Railroad and Warehouse Commission appealed. Dismissed.

*Clifford L. Hilton*, Attorney General, and *Henry C. Flannery*, Assistant Attorney General, for appellants.

*Carlton F. McNally* and *Arthur A. Stewart*, for respondents.

PER CURIAM.

It appears from the record in this cause that as to a line of street railway passing the Minnesota Agricultural Exhibition Grounds, situated midway between St. Paul and Minneapolis but within the borders of the former, the State Railroad and Warehouse Commission, having authority under chapter 278, p. 328, Laws 1921, to fix and prescribe rates of fare to be charged by the street car company, granted permission to the company to make a single fare charge to and from the exhibition grounds to all persons attending the same from Minneapolis; without which permission

[1]Reported in 193 N. W. 175.

the Minneapolis passengers would be required to pay two fares to reach the grounds. A temporary injunction restraining the car company from giving effect to the permission was granted by the court below from which defendant appealed.

We concur in the view taken by counsel for respondent that the appeal involves nothing but a moot question, and should be dismissed. The purpose of the suit and the temporary injunction was to prevent action on the permission during the fair week of 1922, and, since that event is a matter of history, passed and gone, there remains nothing of a real controversy to consider or determine. The warehouse commission under the statute cited has exclusive jurisdiction in the matter of fixing street car fares, and should not be embarrassed in the discharge of their duties by an unnecessary judicial discussion of the subject. The order in question, made ex parte and without a hearing, was a temporary expedient and not intended as a permanent regulation.

The appeal will be dismissed but without costs.

It is so ordered.